### ZINSER v. ANDERSON.

DEEDS—CANCELLATION—EVIDENCE.

    A trust deed will not be set aside on the ground that it was made under duress or undue influence, or without knowledge that it was irrevocable, where an affidavit of the grantor two years after its execution, made in answer to a petition by his wife for an allowance of alimony, recites that, shortly after his marriage, he and his wife freely and voluntarily executed and delivered a deed of a large portion of his property in trust, to go to his children after his death, and that his only interest in the property is the net income derived therefrom.

Appeal from Kent; Adsit, J. Submitted October 20, 1898. Decided December 6, 1898.

Bill by John M. Zinser against William H. Anderson

and others, to set aside a trust deed. From a decree dismissing the bill, complainant appeals. Affirmed.

*L. E. Carroll* (*Taylor & Eddy*, of counsel), for complainant.

*Fletcher & Wanty*, for defendant Anderson.

*Thompson & Temple*, for other defendants.

LONG, J. This bill is filed to set aside a certain trust deed made in September, 1892, by complainant and his wife to defendant Anderson, and to have the property reconveyed to complainant, on the ground that the deed was obtained by coercion and false representations in regard to the income of the property, and the representation that the complainant could at any time get the property conveyed by deed back; and he alleges that he had not learned until a short time prior to the filing of the bill that there was no provision in the trust deed which allowed him to have a reconveyance.

It appears that the complainant and his wife, Agatha, owned a considerable amount of property when she died, on March 28, 1892. Her estate amounted to some $16,000, and she left it in the hands of a trustee, to be divided among her nine children at the death of her husband, but provided that, in the event that he should give any considerable amount more, by will or otherwise, to any child, such an amount should be deducted from the share of that child so that the shares of their children from the two estates should be as nearly equal as possible. On the 6th day of September after the death of his wife, complainant remarried. The children were all opposed to this marriage; and, according to the testimony of complainant, they all treated him very badly when they discovered the marriage was to take place. The next day after the marriage, the children filed a petition in the probate court for a general and special guardian, alleging that the complainant had been drinking, that he was partially insane, and was under the influence and control of a woman of bad

repute (meaning the wife of complainant), and that he was squandering his property. The citation was served on complainant. A meeting was thereafter had between him and the attorneys for the children, when it was agreed a trust deed should be made to defendant Anderson, by which the property should go to complainant's children after his death. The deed in question was thereupon drawn, and executed by complainant and his wife. This deed provides that the second party, Anderson, shall have full control and management of all of said property, and receive the rents and profits arising therefrom, during the natural life of John Zinser (complainant); that Anderson shall pay out of the rents and profits all taxes assessed on the property, all necessary insurance and repairs, and retain from said income a reasonable amount for his time and services in the management of the property, paying any and all balances that may remain at the end of each year to complainant for and during the period of his natural life; that, immediately after the death of complainant, the trustee shall sell and dispose of the property, and divide the proceeds among the children of complainant, the proportion to be paid to each being specifically set forth in the deed.

We think the testimony fairly shows that the complainant fully understood this deed, and the effect it had upon his property, as well as the proportion which each of his children would take. His counsel contend that the deed was executed (1) under duress; (2) while complainant was in poor health, and under the undue influence of others, and without legal advice; (3) without knowledge on the part of complainant that it was irrevocable. After the execution and delivery of the deed, the trustee entered upon the execution of the trust, and has continued to discharge those duties since. After the delivery of the deed, complainant and his wife moved to Traverse City, but did not live happily together. She filed a bill against him for divorce, and petitioned for an allowance of alimony, setting up in the petition that John M. Zinser was worth

from $75,000 to $80,000. Mr. Zinser answered this bill, and resisted the payment of alimony. In answer to the petition he filed his own affidavit. This affidavit is dated November 16, 1894, being more than two years after the trust deed was delivered. In that affidavit he stated that it was not true that he was worth $75,000 to $80,000; "that it is true that, at the time of his marriage to said complainant, he had considerable property; and that, shortly after said marriage, said complainant and this deponent freely and voluntarily executed and delivered a deed of a large part or portion of said property, in trust, to go to defendant's children after his death, and that the only interest said defendant has in said property is the income derived therefrom after paying taxes and other expenses; that said property consists of a large block situated in Grand Rapids; that the same is now almost unproductive; and that this deponent has not for six months last past derived any income or returns from said property."

There is no evidence on this record of a convincing nature that this deed was executed under duress, while complainant was in poor health or laboring under great mental excitement, or that it was procured by undue influence; and the affidavit of the complainant, made more than two years after the deed, shows conclusively that it was made freely and voluntarily. This affidavit also rebuts any theory that counsel now advance that the complainant did not know that the deed was irrevocable.

There is some intimation in the brief of counsel for complainant that the trustee has not faithfully discharged the trust imposed. We find no proof in this record sustaining such a contention. He has so far accounted fully for the income of the property.

The court below very properly dismissed complainant's bill. That decree will be affirmed, with costs.

GRANT, C. J., MONTGOMERY and MOORE, JJ., concurred. HOOKER, J., did not sit.